UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHAF INTERNATIONAL, INC.,

                Plaintiff,

- against -

FIRST MANUFACTURING CO.,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1242 (PKC) (LGD)

PAMELA K. CHEN, United States District Judge:

Plaintiff Shaf International, Inc. ("Plaintiff" or "Shaf") brought this action against Defendant First Manufacturing Co. Inc. ("Defendant" or "FMC") for selling garments in violation of Plaintiff's U.S. Patent No. 10,433,598 titled "Liner Access Means," issued on October 8, 2019. Multiple motions for leave to file documents under seal (filed by both Plaintiff and Defendant) relating to the parties' cross motions for summary judgment are now before the Court. For the reasons explained below, these motions are denied. In addition, as described below, the parties are ordered to file all outstanding summary judgment documents on the public docket by June 19, 2024, and to submit one courtesy hard copy of all summary judgment briefing, including related exhibits, to the Court by June 21, 2024.

## BACKGROUND

Plaintiff and Defendant have both made requests to file under seal portions of their cross-motions for summary judgment and related exhibits. (Dkts. 92–94.) Both parties submitted their requests as letter motions devoid of any legal argument. (*See id*.) Plaintiff seeks to file portions of two documents containing "confidential sales information" related to Shaf's sales and sales by a third-party, Tucker-Rocky, under seal. (Pl.'s Mot. to File Under Seal, Dkt. 92 at 1–2.) Shaf fails to explain why this sales data should be kept from public view, merely asserting that the

information in question has been "previously designated Confidential Attorney's Eyes Only" by the parties during discovery in this case. (*Id.*)

Defendant also seeks to file a number of documents under seal. (Def.'s Mots. to File Under Seal, Dkts. 93–94.) According to Defendant's motion, two of these documents contain Shaf's sales information and/or sales records from third-parties Tucker-Rocky and Pro-Tech. (Def.'s Mot. to File Under Seal, Dkt. 93 at 1–2.) Like Shaf, Defendant simply asserts that this sales data was previously designated "Confidential – Attorney's Eyes Only." (*Id.*) In addition, Defendant seeks to file under seal some or all portions of seven other documents. (*See id.*) With respect to some of these documents, Defendant again states that they contain information that was "previously designated Confidential – Attorney's Eyes Only." (*Id.*) Other documents seemingly were not designated as such, and Defendant does not provide argument as to why those documents should be sealed. (*Id.* at 2.)

A review of the documents attached to Defendant's motions reveals that Defendant seeks to file under seal information related to a variety of topics, including when certain products were developed, sold, and/or shipped by Defendant or others in the same business (Dkt. 93-2 ¶¶ 88–90, 92–93, 97; Dkt. 93-3 at 18–20; Dkt. 93-5 at 14); descriptions of prior art (Dkt. 93-3 at 27–30; Dkt. 93-5 at 14); invoices from 2016 pertaining to prior art (Dkt. 93-6); and sales data (Dkt. 93-7 at 144; Dkt. 93-8 at 6; Dkt. 94-1 at 6). Moreover, some of the information that Defendant requests to file under seal is neither described nor attached to either of Defendant's motions to file under seal. (*Compare* Def.'s Mot. to File Under Seal, Dkt. 93 at 2 (seeking to file pages 35, 36, and 48 of the transcript of the Aaron Whitney deposition under seal), *with* Excerpts from Aaron Whitney Dep., Dkt. 93-3 (excluding pages 35, 36 and 48).)

2

## LEGAL STANDARD

Courts evaluate requests to seal documents under both a "common law right of public access to judicial documents," and the "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). "If a sealing request cannot survive the common law test, it will not survive scrutiny under the First Amendment test." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542, 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023). With that in mind, courts typically begin their analysis with the common law test. That test has three steps. *Diesel S.P.A. v. Diesel Power Gear, LLC*, No. 19-CV-9308, 2023 WL 5713713, at *1 (S.D.N.Y. Sept. 5, 2023). First, the court must "determine whether the information to be sealed is a 'judicial document' to which the presumption of public access applies." *Id.* (quoting *Lugosch*, 435 F.3d at 119–20.) Second, the Court "determine[s] the 'weight of that presumption'; and third, 'after determining the weight of the presumption of access, [the court must] balance competing considerations against it.'" *Id.* (quoting *Lugosch*, 435 F.3d at 119–20) (cleaned up).

Judicial documents are documents that are "relevant to the performance of the judicial function and used in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). This typically includes "documents used by parties moving for, or opposing, summary judgment," which, as a result, "should not [be placed under] seal absent the most compelling reasons." *Id.* at 121 (quoting *Joy v. North*, 692 F.2d 8800, 893 (2d Cir. 1982)). In other words, "there is a presumption of access to documents submitted on a summary judgment motion." *Id.* "[P]arties opposing disclosure [of judicial documents] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by

3

specific examples or articulated reasoning fail to satisfy the test." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-CV-07417, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). Moreover, "the older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4.

## DISCUSSION

To begin, neither party has provided the Court with any argument as to why these documents should be under seal apart from noting that some of the documents had previously been designated "Attorney's Eyes Only" in connection with discovery in this case. (*See* Mots. to File Documents Under Seal, Dkts. 92–94.) That said, the documents in question are summary judgment documents. (*See id.*) Consequently, they are judicial documents and a strong presumption in favor of public access attaches. *Lugosch*, 435 F.3d at 121; *see also Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (explaining that documents submitted to courts "in connection with summary judgment enjoy[] a strong presumption of public access").

To overcome the presumption of public access, the "party opposing disclosure [] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection[.]" *Coventry Cap. US LLC*, 2017 WL 5125544, at *3 (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244). Neither party here has done so or even attempted to do so. (*See* Mots. to File Documents Under Seal, Dkts. 92–94.) Instead, the parties have merely indicated that some (not all) of the documents that they now seek to file under seal were previously designated "Attorney's Eyes Only." (*See* Mots. to File Documents Under Seal, Dkts. 92–94.) But "[i]t is not enough for parties to assert that a confidentiality agreement or

protective order governing discovery allows for documents or information to be filed under seal." *Berlin v. JetBlue Airways*, No. 28-CV-1545, 2020 WL 7706488, at *1 (E.D.N.Y. Dec. 29, 2020). "[T]he decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence." *Johnson v. Fed. Bureau of Prisons*, No. 16-CV-3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017).

As such, the fact that some of the documents at issue were previously designated as "Confidential Attorney's Eyes Only" by the parties during discovery does not overcome the presumption of public access. Nor have the parties pointed to any other compelling reasons that explain why the Court should place the documents at issue under seal or require their redaction. And notably, none of the information at issue is current; much of it is almost seven years old, dating back to 2017 or before. (*See, e.g.*, Dkt. 93-1 at 12 (describing a "Spring 2016 Catalog"); *id.* at 13 (listing a product ship date in early 2016); Dkt. 93-2 ¶¶ 88–90, 92–93, 97 (referencing a product rollout that took place in early 2016); Dkt. 93-6 (containing invoices from early 2016); Dkt. 93-7 (referencing the number of units sold between 2017 and 2021); Dkt. 93-8 (referencing the number of units sold between 2016 and 2021).) The parties have not explained why this type of outdated information should be under seal. *See In re Parmalat Secs. Litig.*, 258 F.R.D. at 250 (refusing to seal "seven-year-old information" concerning a party's "marketing strategy" where that party did not explain how it would be harmed by disclosure); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 ("[T]he older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed.").

5

Accordingly, the Court denies the parties' motions to file under seal in their entirety.

## CONCLUSION

For the reasons stated above, the parties' motions to file under seal (Dkts. 92, 93, and 94) are denied. The parties are ordered to file all outstanding summary judgment documents on the public docket by June 19, 2024. Moreover, the parties are ordered to provide the Court with one courtesy hard copy of all summary judgment briefing, including related exhibits, by June 21, 2024.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 12, 2024
      Brooklyn, New York